UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,                                )
                                              )
                    Plaintiff,                )
                                              )
v.                                            )        Case No. 19-2125-JAR
                                              )
ROBERT BEDNAR, et al.,                        )
                                              )
                    Defendants.               )

## REPORT AND RECOMMENDATION

The pro se plaintiff, Anthony Lewis, brings claims against District Court Judge

Robert Bednar and the State of Kansas, arising from an incident where plaintiff was

arrested and detained pursuant to a bench warrant. The court has granted plaintiff leave to

proceed with the case without prepayment of fees pursuant to 28 U.S.C. § 1915.[1] Having

carefully reviewed plaintiff's complaint, the court finds that plaintiff's complaint should

be dismissed.

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) requires

the court to screen the party's complaint. The court must dismiss the case if the court

determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which

relief may be granted, or (3) seeks monetary relief from a defendant who is immune from

suit.[2] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and

---

[1] ECF No. 5.

[2] 28 U.S.C. § 1915(e)(2)(B).

private resources upon, baseless lawsuits that paying litigants generally do not initiate

because of the costs of bringing suit and because of the threat of sanctions for bringing

vexatious suits under Federal Rule of Civil Procedure 11."[3]  The screening procedure set

out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[4]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally

construe the pleadings and hold them to a less stringent standard than formal pleadings

drafted by attorneys.[5]   This does not mean, however, that the court must become an

advocate for the pro se plaintiff.[6] "To state a claim, the plaintiff must provide 'enough facts

to state a claim to relief that is plausible on its face.'"[7]  The "court need not accept

allegations that state only legal conclusions."[8] Dismissal is appropriate when "it is obvious

---

[3]  *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[4]  *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[5]  *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[6]  *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).  Here the court echoes what other judges in this district have observed, that plaintiff has filed over twenty other cases in this court alone.  *See Lewis v. Twenty-First Century Bean Processing*, No. 2:15-CV-02322-JAR, 2015 WL 4774052, at *2 (D. Kan. Aug. 13, 2015), *aff'd*, 638 F. App'x 701 (10th Cir. 2016).

[7] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8]  *Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *1 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[9]

Plaintiff cites 42 U.S.C. § 1983 and the Fifth Amendment to the United States Constitution in his complaint, alleging civil rights violations. Plaintiff alleges that, while at Fort Leavenworth to obtain a pass to pick up a soldier, he was told that there was an outstanding bench warrant from 2016 for his arrest, which was revalidated in 2018 by defendant Judge Bednar.[10] Plaintiff was detained at Fort Leavenworth until the county sheriff arrived. Plaintiff alleges that he had previously paid the fine and therefore, the arrest on the bench warrant constituted a deprivation of his civil and constitutional rights that resulted in detainment against his will.[11] Plaintiff has requested $15 million in damages.

The undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim and for seeking relief from defendants who are likely immune from suit. First, plaintiff is unlikely to prove he has been deprived of any constitutional right. In a § 1983 action, the first inquiry is "whether the plaintiff has been deprived by a right 'secured by the Constitution and laws.'"[12] The Constitution does not protect against all deprivations of liberty, only those that are accomplished without due process of law. Arresting and

---

[9] *Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (internal quotation and citation omitted).

[10] ECF No. 1.

[11] *Id.*

[12] *Davis v. Williams*, No. 90-4166-C, 1992 WL 50877, at *5 (D. Kan. Feb. 27, 1992) (quoting *Baker v. McCollan,* 443 U.S. 137, 140 (1979)).

detaining plaintiff pursuant to a valid warrant "is entirely consistent with due process of law,"[13] even if, assuming the facts in the light most favorable to plaintiff, the warrant was issued in error. The law enforcement officials involved are not required by the Constitution to "investigate independently every claim of innocence" while executing an arrest warrant.[14]

Moreover, the defendants named in this action – a sitting judge and the state of Kansas – are very likely immune from this lawsuit pursuant to the Eleventh Amendment to the United States Constitution.[15] The Supreme Court has held that "neither a State nor its official acting in their official capacities are 'persons' under 42 U.S.C. § 1983."[16] The state of Kansas is immune for this reason. Similarly, Judge Bednar is a state official acting in his official capacity. The only exceptions to the rule of judicial immunity from suit for money damages are "(1) when the act is 'not taken in [the judge's] judicial capacity,' and (2) when the act, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.'"[17] Plaintiff does not allege that defendant Judge Bednar acted outside of his

---

[13] *Id.* at 5.

[14] *Id.*

[15] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984).

[16] *Rudolph v. Hanson*, 737 F. App'x 430 (10th Cir. 2018); *Camick v. Wattley*, No. 13-2361-JAR-JPO, 2013 WL 6384820, at *4 (D. Kan. Dec. 5, 2013) (quoting *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989)).

[17] *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1195 (10th Cir. 2008).

judicial capacity, nor that he acted in complete absence of all jurisdiction. Accordingly, the claims for monetary damages under § 1983 against the State of Kansas and Judge Bednar are barred by Eleventh Amendment immunity. [18]

For these reasons, the undersigned believes that plaintiff lacks a cognizable claim. In addition, the undersigned finds that any attempt to amend the complaint would be futile.

IT IS THEREFORE ORDERED that the clerk need not serve the complaint upon defendants or issue summons in this case.

IT IS FURTHER RECOMMENDED that this case be dismissed as frivolous, malicious, and/or failing to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by regular and certified mail.

---

[18] *Caranchini v. Peck*, No. 18-2249-CM-TJJ, 2018 WL 5461224, at *4 (D. Kan. Oct. 29, 2018).

Dated March 19, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
