# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,

    **Plaintiff,**

v.

ROBERT BEDNAR, ET AL.,

    **Defendants.**

Case No. 19-2125-JAR-JPO

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation filed on March 19, 2019 (Doc. 6). The Report and Recommendation was mailed to *pro se* Plaintiff Anthony Lewis to his last address of record on March 19, 2019 by regular and certified mail, which constitutes sufficient notice under D. Kan. Rule 5.1(c)(3). On April 15, 2019, the Court received a certified mail receipt, noting that the Report and Recommendation mailing was refused and to return to sender.[1] Fourteen days have passed, and no written objections have been filed to the proposed findings and recommendations filed by Magistrate Judge James P. O'Hara. After a de novo determination upon the record pursuant to Fed. R. Civ. P. 72(b), the Court accepts the recommended decision and adopts it as its own.

In summary, Plaintiff brings his claims for civil and constitutional rights violations pursuant to 42 U.S.C. § 1983 against Judge Robert Bednar and the State of Kansas. Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6) because (1) he cannot establish that he was deprived of any constitutional right and (2) the defendants are immune from suit. Plaintiff alleges his civil and constitutional rights were violated when he was arrested based on an alleged

---

[1] Doc. 8.

1

erroneous bench warrant.  Even assuming the bench warrant was incorrectly issued, detaining an individual pursuant to a valid warrant is "entirely consistent with due process of law" and does not constitute a violation of a constitutional right because an officer executing an arrest warrant is not required "to investigate independently every claim of innocence."[2]  Moreover, claims against the State of Kansas and Judge Bednar are barred by Eleventh Amendment immunity, as "neither a State nor its official acting in their official capacities are 'persons' under 42 U.S.C. § 1983."[3]

**IT IS THEREFORE ORDERED BY THE COURT** that that in accordance with the March 19, 2019 Report and Recommendation (Doc. 6), the Complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated: May 6, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[2] *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) (internal quotations omitted).

[3] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  Moreover, Plaintiff does not allege that Judge Bednar acted outside of his official judicial capacity or in the complete absence of jurisdiction when he revalidated the outstanding bench warrant for Plaintiff's arrest. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's official capacity" and "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction").